UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH LEE CRONK,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF WEST RICHLAND,<br><br>                Defendant. | NO: 12-CV-5094-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF PROTECTION |

BEFORE THE COURT is Plaintiff's Motion for an Order of Protection. ECF No. 2. This matter was heard without oral argument on August 3, 2012. The Court has reviewed the motion and the response, and is fully informed.

BACKGROUND

Plaintiff, Kenneth Lee Cronk, has filed a lawsuit against the City of West Richland claiming violations of his constitutional rights and his rights under the American with Disabilities Act. ECF No. 1. Presently before the Court is his motion for "an order of protection directed to the Defendant to cease and desist

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION ~ 1

1  from all previous and future illegal, unconstitutional and unjust actions, threats and
2  intimidations." ECF No. 2 at 2.

3      A preliminary injunction may be granted in order to "preserve the status quo
4  ante pending a determination of the action on the merits." *Los Angeles Memorial*
5  *Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir.
6  1980). The "traditional test" applied by the district court when the case involves
7  the public interest is: "(1) the likelihood that the moving party will prevail on the
8  merits, (2) whether the balance of irreparable harm favors the plaintiff, and (3)
9  whether the public interest favors the moving party." *Caribbean Marine Services,*
10  *Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

11      First, in this early stage of the proceedings, the Court finds insufficient
12  evidence in the record to find it "likely" that the Plaintiff will prevail on merits.
13  His complaint provides no evidence of a disability or a failure by the Defendant to
14  accommodate a disability.

15      Second, "speculative injury does not constitute irreparable injury sufficient
16  to warrant granting a preliminary injunction. A plaintiff must do more than merely
17  allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate*
18  immediate threatened injury as a prerequisite to injunctive relief." *Id*. (emphasis in
19  original)(internal citations omitted). Here, Plaintiff refers to "several occasions" of
20  "inappropriate physical force" by Defendant, as well as "illegal threats" and

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION ~ 2

"denying the Plaintiff use and access to public areas and facilities for no legal cause." ECF No. 2 at 1. In addition, Plaintiff states that he was "in essence assaulted" on June 8, 2012 which caused "ongoing physical deterioration of his disabilities." *Id*. However, these are allegations of past harm to the plaintiff. Thus, Plaintiff fails to demonstrate the requisite immediate threatened injury.

Third, the Court finds that the public interest does not favor the moving party, indeed, the public interest would not be served any discernible way by granting a preliminary injunction. For all the foregoing reasons, Plaintiff's Motion for an Order of Protection is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Order of Protection, ECF No. 2, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to the parties.

**DATED** this 10th day of August, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge