UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH LEE CRONK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF WEST RICHLAND,<br><br>　　　　　　Defendant. | NO: 12-CV-5094-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF No. 23). This matter was heard without oral argument on February 21, 2013. The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

## BACKGROUND

*Pro se* Plaintiff, Kenneth Lee Cronk, brings a § 1983 claim against Defendant City of West Richland for alleged violations of the Fourth, Fifth, and Fourteenth Amendments. Plaintiff also appears to claim that Defendant violated 18 U.S.C. §§ 241, 242, 371, 1503, and 1512(a)(k). Last, Plaintiff alleges that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Defendant "disregarded all provisions expressed in" the Americans with Disabilities Act ("ADA").  ECF No. 6 at ¶ 13.  Presently before the Court is Defendant's motion for summary judgment on all claims.

## FACTS

On June 8, 2012, the West Richland Police Department was contacted by Mary Jo Byers ("Byers") at the Washington Department of Social and Health Services ("DSHS") Division of Developmental Disabilities.  *See* Defendant West Richland's LR 56.1 Statement of Undisputed Facts, ECF No. 28 ("Def. SOF") at ¶ 6.  Byers reported that Hailey Thoelke ("Thoelke"), a DSHS employee, was on the phone with Plaintiff.  According to Byers, Plaintiff stated that he was a Vietnam veteran with PTSD and that he planned to shoot at state agencies.  During this telephone call, Plaintiff complained about government agencies wronging him and his family, including DSHS, Benton County courts, the West Richland Police Department, the State Attorney General's office, and city attorneys.  *Id*.  Officer Terry Boehmler ("Boehmler") was dispatched to Plaintiff's home, where he was assisted by Officers Levi Glatt ("Glatt") and Douglas Doshier ("Doshier").  Thoelke remained on the line with Plaintiff while Boehmler traveled to Plaintiff's home.

Upon arriving at Plaintiff's home, Boehmler observed Plaintiff exit the front door of his home and walk around his driveway.  No firearms were observed on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1   Plaintiff.  Boehmler approached Plaintiff and asked about the conversation with
2   DSHS.  According to Boehmler, Plaintiff responded that he was upset at local
3   agencies, the police chief, the court system, the governor's office, and the hospital
4   because those entities failed to provide the required care for his family.  *Id*. at ¶ 10.
5   Boehmler asked Plaintiff about the threat to shoot at state agencies, which Plaintiff
6   denied.  Boehmler asserts that he told Plaintiff he had no right to threaten state
7   agencies or employees, to which Plaintiff replied that he did have that right.  At
8   this point Boehmler told Plaintiff he was taking him into custody.  According to
9   Boehmler, Plaintiff yelled for Boehmler to take him to jail.

10         At this point, Boehmler took Plaintiff's right wrist, and Doshier took
11  Plaintiff's left wrist, in order to handcuff him.   Plaintiff drew his hands up to his
12  face and allegedly resisted officers' attempts to lower his hands.  As Boehmler and
13  Doshier attempted to force Plaintiff's hands down, Plaintiff yelled that they were
14  hurting his shoulder.  Boehmler maintains that he told Plaintiff to relax and not
15  resist, but Plaintiff did not comply.  Subsequently, another officer "controlled"
16  Plaintiff's head and shoulders, as Doshier and Boehmler placed Plaintiff on the
17  ground in order to handcuff him, despite Plaintiff's continued struggling.  *Id*. at ¶
18  13.  Boehmler placed Plaintiff in the back of his patrol car, and Plaintiff refused to
19  wear a seatbelt.
20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

While he was being handcuffed, Plaintiff complained that he was injured. Boehmler called paramedics to examine Plaintiff, and the paramedics indicated that Plaintiff suffered no injury.  At this point, Boehmler spoke with Thoelke who indicated that Plaintiff told her he spoke with Crisis Response center earlier in the day and mentioned being suicidal or potentially shooting others.  Thoelke asked Plaintiff if shooting others was a concern, to which he responded that it was always a concern, although it was under control at present. *Id*. at ¶ 16.  Next Boehmler spoke with Hector and the Crisis Response center, and Hector prepared a detain and transport authorization in accordance with RCW 71.05.150, due to Plaintiff posing a threat to himself or others.  Boehmler transported Plaintiff to Kadlec Regional Medical Center ("Kadlec"), at which point Plaintiff's handcuffs were removed.  According to Boehmler, Plaintiff was then transported to the Crisis Response center for an evaluation.  No charges were filed against Plaintiff for the events of June 8, 2012.

Plaintiff's recollection of the events is in stark contrast with those outlined above, namely: he never indicated to Thoelke that he was intent on doing physical harm to himself or others; he did not resist handcuffing; he informed Boehmler of his disabilities and previous shoulder injuries; his head was pinned to the ground and he lost consciousness for seconds; he was read his Miranda rights after being placed in the patrol car; the paramedic examination was not comprehensive; he did

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

not refuse to wear his seatbelt; and he was never taken to the Crisis response center.  However, as required under FRCP 56(c), Plaintiff fails to offer any support for these factual assertions by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers.  Fed. R. Civ. P. 56(c); *see also* Notice to *Pro Se* Litigants of the Summary Judgment Rule Requirements, ECF No. 29 ("you cannot rely only on what your complaint says … [i]nstead you must provide specific facts using the type of evidence set forth above.").  In light of Plaintiff's failure to properly support or address assertions of fact under FRCP 56(c), the court exercises its discretion to consider the properly supported facts offered by Defendant's uncontradicted declarations as undisputed only for the purposes of the instant motion.  *See* Fed R. Civ. P. 56(e)(2).

## DISCUSSION

**A. Standard of Review**

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1  absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S.
2  317, 323 (1986). The burden then shifts to the non-moving party to identify
3  specific facts showing there is a genuine issue of material fact. *See Anderson v.*
4  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla
5  of evidence in support of the plaintiff's position will be insufficient; there must be
6  evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.
7      For purposes of summary judgment, a fact is "material" if it might affect the
8  outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is
9  "genuine" only where the evidence is such that a reasonable jury could find in
10 favor of the non-moving party. *Id.* The court views the facts, and all rational
11 inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*
12 *Harris*, 550 U.S. 372, 378 (2007).

13 **B. § 1983 claim**

14     A cause of action pursuant to 42 U.S.C. § 1983 may be maintained "against
15 any person acting under the color of law who deprives another 'of any rights,
16 privileges, or immunities secured by the Constitution and laws' of the United
17 States." *Southern Cal. Gas Co., v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003)
18 (citing 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and
19 beneficently construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991). Construed
20 liberally, Plaintiff appears to allege claims for violation of his Fourth, Fifth, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

Fourteen Amendment rights under § 1983. Although it is not clear from Plaintiff's pleadings, Defendant "guesses" Plaintiff is asserting that he was wrongfully seized and/or that Defendant used excessive force. However, it is unnecessary for the Court to reach the merits of Plaintiff's particularized claims under § 1983, because the Defendant is entitled to summary judgment on the issue of municipal liability as a matter of law.

The Supreme Court has held that local governments are "persons" who may be subject to suits under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality may only be held liable for constitutional violations resulting from actions undertaken pursuant to an "official municipal policy." *Id.* at 691. As the Supreme Court articulated in *Monell*, the purpose of the "official municipal policy" requirement is to prevent municipalities from being held vicariously liable for unconstitutional acts of their employees under the doctrine of respondeat superior. *Id.*; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-79 (1986); *Bd. of Cnty. Comm'ns of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). To prevail on a municipal liability claim, a plaintiff must show (1) plaintiff's constitutional rights were violated, (2) the municipality had customs or policies in place at the time that amounted to deliberate indifference, and (3) those customs or policies were the moving force behind the violation of rights. *See Estate of Amos ex. rel. Amos v. City of Page*, 257 F.3d 1086, 1094 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

"A plaintiff cannot prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989)(emphasis in original). Rather, the Ninth Circuit recognizes four categories of "official municipal policy" sufficient to establish municipal liability under *Monell*: (1) action pursuant to an express policy or longstanding practice or custom; (2) action by a final policymaker acting in his or her official policymaking capacity; (3) ratification of an employee's action by a final policymaker; and (4) a failure to adequately train employees with deliberate indifference to the consequences. *Christie v. Iopa*, 176 F.3d 1231, 1235-40 (9th Cir. 1999).

The only evidence offered by Plaintiff to demonstrate a longstanding practice or custom by Defendant as to any alleged unlawful arrest or excessive force, is a submission entitled "Brief Amicus Curiae of David Carl Gustafson." ECF No. 21. Plaintiff argues that the "Amicus" experienced a "false arrest" situation similar to that of the Plaintiff. ECF No. 33 at 11-12. However, Mr. Gustafson has not been granted leave to appear in these proceedings as an amicus curiae. "The privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according [to whether] it deems the proffered information timely, useful, or otherwise." *Cmty. Ass'n for Restoration of Environment (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1999)(noting that, historically, an amicus curiae is an impartial individual rather than an advocate of one point of view). Mr. Gustafson has not petitioned the Court for leave to file an amicus brief, and even if the Court were to construe his filing as such a motion, the Court declines to grant amicus status to Mr. Gustafson in this case.

Plaintiff fails to offer any evidence identifying a policy or custom of the Defendant that amounted to deliberate indifference, or that such a policy or custom was the "moving force" behind the deprivation of Plaintiff's constitutional rights. Therefore, the Court finds as a matter of law that Defendant City of West Richland cannot be held liable under § 1983 for the alleged violation of Plaintiff's constitutional rights.

**C. 18 U.S.C. §§ 241, 242, 371, 1503, and 1512(a)(k) claims**

In his responsive briefing, Plaintiff appears to concede that he has no standing to assert claims under criminal statutes 18 U.S.C. §§ 241, 242, 371, 1503, and 1512(a)(k). ECF No. 33 at 13-14. Instead, Plaintiff insists that he has standing to "use these criminal statutes as an illustration of the criminal behavior of the Defendant." *Id*. As Plaintiff has no private cause of action under these statutes, Defendant's motion for summary judgment on these claims is granted.

**D. ADA claim**

The ADA provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Courts apply a three part test to determine whether an individual is disabled under the ADA: (1) does the individual have a physical or mental impairment; (2) does the impairment limit one or more major life activities; and (3) is the limitation on the major life activity substantial.  *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998).

Construed liberally, it is still unclear precisely what claim Plaintiff is making under the ADA.  Regardless, Plaintiff fails to offer admissible evidence showing he is disabled under the ADA, he was denied a benefit or service ordinarily provided to arrestees, or that he was discriminated against because of his disability.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 23, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel and Plaintiff at his last known address, enter judgment accordingly, and **CLOSE** the file.

**DATED** this 25th day of February, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10